We move to the sixth case this morning, US vs. Sebastian Depula. Depula. May it please the court? Just a minute, there's people still coming into the courtroom. Mr. Crowe. Thank you, Your Honor. My name is Robert Crowe. I represent Sebastian Depula, the appellant here. We are here to appeal from the sentence that the court imposed, which was 156 months. In imposing that sentence, the court found that Mr. Depula's criminal history category was 2, and that his offense level after a three-level reduction for sentence responsibility was level 32. The problem we have, and the reason why we're here, is this court only made two findings regarding the offense level. The first was that the amount of the loss was more than 3.5 million, which would result in 18 offense levels. The only other finding this court made regarding the sentencing and the offense level was that the number of victims was more than 10, which added two levels. So that gets us level 20, and therefore we have this big gap between level 20, which is the only thing this court articulated, and its finding of level 32 after a three-level reduction for sentence responsibility. And that's all there is. This court did no more than that, so there's a really big gap. And this court and its decision in the United States v. Bokhari and the United States v. Lewis has held expressly that district court has an affirmative, independent obligation to make an explicit calculation regarding how it arrived at the final offense level. And district court just simply failed to do that here. There's no other way around it. In response, government makes... Hold on a second on that. Sure. I was under the impression from reading the sentencing transcript that Judge Duryegan adopted the calculation contained in the probation office's report subject to objections from the parties. Is that not what occurred? Well, he did adopt it. My position still is he has to articulate exactly what it is he's adopting, which he did not do. Okay, go ahead. In response, government makes two arguments. One is government seems to say that the district court, in fact, did make this computation, and I cite page 9 of the government's brief where they basically summarize computations that are in the PSR, but the problem is district court never expressly articulated those. The government, in support of this, cites my appendix, pages 53 to 60, and when you look at those pages, it's clear the only two findings district court made were the ones I just described regarding the amount of loss and number of victims. It never went through the computation that's set forth in the PSR, and absent that, that's what it was required to do, and courts almost always do. Are you aware of any authority from this court in a circumstance where a district court expressly adopts the advisory guidelines calculation from the probation office? There are enhancements within that calculation that the defendant does not object to where we have said that the basis for enhancements, nonetheless, has to appear expressly in the sentencing record. Have we ever said that? I believe the court did in the Beccari case. But I cite both my opening brief and my rebuttal brief. And your impression of that, that's a circumstance where the probation office's reports expressly adopted? I don't believe that's made explicitly clear in that case, Your Honor. So the government's second argument is that we waive the issue in terms of not objecting to it, and you've got two responses to that. One is, again, this court has an affirmative independent obligation to make these expressed findings in terms of how it arrived at the offense level, and simply saying that we adopt the calculations in the presentation report is not sufficient. In addition, there could be no issue of waiver regarding findings that were not made. You can only waive objections to findings that were, in fact, made, and here the findings were not made, and that's why we're here where we are. And that's really the sum of my argument. Unless the Court has any questions, I ask the Court vacate the sentence and remand the matter to the Court for re-sentencing. Thank you. Thank you, counsel. Ms. Babin? Good morning. May it please the Court? My name is Kavitha Babin, and I represent the United States. The District Court's within-guideline sentence of the defendant to 156 months of imprisonment is procedurally sound and substantively reasonable. The District Court considered the record before it and properly applied the two-level enhancement for the use of sophisticated means and the two-level enhancement for misrepresentations made during bankruptcy proceedings. As the defendant admitted in his plea agreement, he implemented an enhanced credit card bust-out scheme. He directed his co-schemers to create new corporations to be used as shell corporations. He directed his co-schemers to open bank accounts for these shell corporations and then use mobile payment processing accounts to move fraud proceeds between shell corporation and shell corporation. Such conduct falls squarely within the boundaries of the sophisticated means enhancement. Similarly, he admitted in the plea agreement that he advised co-schemers to declare bankruptcy in order to discharge the debt that they accumulated by implementing the fraud schemes. He also admitted that many of the co-schemers eventually did declare bankruptcy. Taking into account this record before it, the District Court properly adopted the application of the bankruptcy, the misrepresentations made during a bankruptcy proceeding enhancement. Adopting that record and the facts set forth before it, and after addressing the objections raised by the defendant in his sentencing memorandum and at the sentencing hearing, the District Court adopted the total offense level and the criminal history calculations set forth in the pre-sentence investigation report, as the District Court is entitled to do, and found that the advisory sentencing guidelines range was 135 to 168 months imprisonment. The court then sentenced the defendant to a within guidelines and substantively reasonable sentence of 156 months imprisonment. Considering these facts and the records before it, we hold that the District Court's sentence of the defendant was substantively reasonable, and for these reasons and the reasons set forth in the United States brief, I respectfully request that the court affirm the defendant's conviction and sentence. Thank you, Counsel. Thank you. Mr. Crew? This will be very brief, Your Honors. On page 12 of the appellant's appendix is the portion of the plea agreement, which indicates that in the plea agreement, Mr. DiPolpa did object to the enhancement for misrepresentation during a bankruptcy proceeding, and he also objected to the enhancement for sophisticated means. So given the specific objective of those two enhancements, the court really was required to make specific findings regarding those two enhancements, and it simply did not do so. Those enhancements are never discussed anywhere in the sentencing transcript, and for that reason, we ask that the court remand, vacate the sentence, remand it back to the District Court for resentencing. Thank you. Thank you, Counsel. Thanks to both Counsel, and the case is taken under advisement.